# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2111008640 |
| | ) | |
| DANIEL SHAWN HALL, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: December 2, 2024
Order Issued: January 3, 2025

## ORDER[1]

This 3rd day of January 2025, upon preliminary consideration of Defendant Daniel Shawn Hall's *pro se* Motion to Withdraw Plea and the record in this matter, it appears to the Court that:

1. On October 26, 2022, Defendant pled guilty to two counts of Dealing in Child Pornography, one count of Sexual Exploitation of a Child, and one count of Dangerous Crime Against a Child.[2] Shortly thereafter, Defendant indicated his desire to withdraw his guilty plea. As a result, Defendant has yet to be sentenced. Because Defendant alleged ineffective assistance on the part of his counsel, Anthony Capone, Esq., the Court granted Mr. Capone leave to withdraw on July 7, 2023, and Alicia Porter, Esq., replaced him as counsel for Defendant on July 14, 2023.[3]

2. On November 15, 2023, Ms. Porter moved to withdraw as Defendant's counsel, citing a "breakdown in communication."[4] At a December 1, 2023 hearing

---

[1] Citations in the form of "D.I ___" refer to docket items.
[2] Plea Agreement and Truth-In-Sentencing Guilty Plea Form (D.I. 10).
[3] D.I. 19.
[4] *See* D.I. 24–25.

on Ms. Porter's motion to withdraw as counsel, Ms. Porter indicated that she was unable to draft Defendant's motion to withdraw his guilty plea because she felt that it was meritless.[5] Defendant indicated that he was willing to proceed *pro se* with Ms. Porter as standby counsel.[6] The Court reserved ruling on Ms. Porter's motion pending a Court-ordered psychiatric evaluation to determine Defendant's competency to represent himself.[7] The Court received the results of this evaluation, which indicated that Defendant was competent, on January 9, 2024.[8] On February 29, 2024, the Court granted Ms. Porter's motion to withdraw as counsel and appointed her as Defendant's standby counsel.[9]

3.    Defendant filed the instant Motion To Withdraw Plea on May 30, 2024. Defendant asserts that his "plea lacked knowing and voluntary consent as he was not aware of the elements of the crime and he feels he did not have adequate representation throughout the proceedings."[10] The motion details various alleged deficiencies of and grievances against Mr. Capone.

4.    Mr. Capone filed an affidavit in response to Defendant's motion on July 8, 2024. The State filed its response to Defendant's motion on August 1, 2024. At a control hearing on August 12, 2024, the Court granted Defendant's request to file a reply to Mr. Capone's affidavit and to the State's response. Defendant filed both his reply to Mr. Capone's affidavit and his reply to the State's response on December 2, 2024.

5.    In his July 8 affidavit, Mr. Capone responded to a number of Defendant's claims. Mr. Capone also indicated, however, that Defendant's motion

---

[5] Tr. of Criminal Mot., Dec. 1, 2023, 10:5–11:7 (D.I. 35).
[6] *Id.* at 12:12–13:4.
[7] *See* D.I. 26–27. This evaluation was prompted by Ms. Porter's indication, at the hearing, that she had concerns about Defendant's competency. *See* Tr. of Criminal Mot., Dec. 1, 2023, 13:23–14:9.
[8] *See* D.I. 28.
[9] *See* D.I. 30–31.
[10] Def.'s Mot. To Withdraw Guilty Plea ¶ 24 (D.I. 39).

"broadly . . . misrepresented, misquoted, and decontextualized substantial portions of the attorney/client communications that he claims to recount[.]"[11] Most relevantly to this order, Mr. Capone added that these issues "cannot be effectively corrected or contested without lifting attorney/client privilege."[12]

6. While Defendant has not affirmatively asserted attorney-client privilege as to his communications with Mr. Capone, the Court finds that Defendant has waived that privilege by putting his interactions with his former counsel at issue.[13] A party should not be permitted to make "bare, factual allegations, the veracity of which are central to the parties' dispute, and then assert the attorney-client privilege as a barrier to prevent a full understanding of the facts disclosed."[14] In other words, a party cannot use the privilege both "offensively and defensively."[15] Here, Defendant injected privileged communications into the litigation. Waiver of privilege as to those communications is thus required as a matter of fairness.[16]

7. Although "in the abstract, waiver is viewed as the voluntary and intentional relinquishment of a known right . . . waiver of the attorney client privilege may be implicit, even if contrary to the party's actual intent."[17] Courts will find implicit waiver when the party against whom waiver is asserted either introduces the

---

[11] Capone Aff. ¶ 7 (D.I. 45).

[12] *Id.*

[13] *See Tackett v. State Farm Fire and Cas. Ins. Co.*, 653 A.2d 254, 259–60 (Del. 1995).

[14] *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 2008 WL 498294, at *4 (Del. Super. Jan. 14, 2008) (quoting *Tackett*, 653 A.2d at 259).

[15] *Syngenta Crop Production, LLC v. Travelers Casualty and Surety Co.*, 2024 WL 3565985, at *3 (Del. Super. July 24, 2024) (quoting *Hoechst Celanese Corp. v. Natl. Union Fire Ins. Co. of Pittsburgh*, 623 A.2d 1118, 1125 (Del. Super. 1992)); *accord Restanca, LLC v. House of Lithium, Ltd.*, 2023 WL 4306074, at *14 (Del. Ch. June 30, 2023) ("The court will not allow such tactics, in which a party seeks to use privilege both as a 'sword' and as a 'shield.'").

[16] *Tackett*, 653 A.2d at 259 ("Waiver of the attorney client privilege may be implicit, even if contrary to the party's actual intent . . . 'where it would be unfair to deny the other party an opportunity to discover other relevant facts with respect to that subject matter.'" (quoting *Hercules Inc. v Exxon Corp.*, 434 F. Supp. 136, 156 (D. Del. 1977)).

[17] *Id.* at 259 (internal citation omitted).

contents of a confidential communication[18] or puts a factual question at issue that requires disclosure of a confidential communication to truthfully resolve;[19] denying disclosure of those communications would be unfair to the other party;[20] and upholding the privilege would place the other party at a distinct disadvantage in the litigation.[21] This is an "exacting standard."[22] Though the question of waiver is a fact-specific inquiry entrusted to the trial court's discretion,[23] the Supreme Court has indicated that trial judges should be careful to limit the disclosure of privileged information to the scope of the waiver.[24]

8.     Defendant has put at issue a number of attorney-client communications to which his former counsel is unable to adequately respond absent a finding of waiver. Unaddressed in Mr. Capone's affidavit are the following allegations by Defendant:

a)     On March 7, 2023, Counsel "admitted to never seeing the evidence" and merely took the prosecutor's word for what it showed.[25]

b)     Counsel did not permit Defendant to confer with his mother, upon whom he is dependent for major decisions, prior to accepting the plea.[26]

---

[18] *Alaska Elec. Pension Fund v. Brown*, 988 A.2d 412, 419 (Del. 2010) (citation omitted). *See also Tackett*, 653 A.2d at 260 ("the disclosure of even a part of the contents of a privileged communication surrenders the privilege as to those communications" if partial disclosure would put the other party at a "distinct disadvantage.") (quoting *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 825 (Del. 1992)).

[19] *Brown*, 988 A.2d at 419 (citation omitted). When the asserted waiver involves an attorney's mental impressions, it must be shown that the facts at issue are pivotal and that there is a compelling need for disclosure. *Tackett*, 653 A.2d at 262; *Williams Union Boiler v. Travelers Indem. Co.*, 2003 WL 22853534, at *1 (Del. Super. July 31, 2003).

[20] *Tackett*, 653 A.2d at 259.

[21] *Id.* at 260.

[22] *Id.* at 259.

[23] *Brown*, 988 A.2d at 419–20; *Wal-Mart*, 2008 WL 498294, at * 4.

[24] *Moyer v. Moyer*, 602 A.2d 68, 73 (Del. 1992) (where appellant claimed that he had not authorized his attorney to enter into an oral settlement agreement, the family court erred by allowing testimony not just as to the instructions appellant gave with regard to that agreement, but also the reasons he gave for his failure to sign a subsequent written agreement, and the advice his attorney provided).

[25] Def.'s Mot. To Withdraw Plea ¶ 17.

[26] Def.'s Mot. To Withdraw Plea ¶ 24(j); Reply to Capone ¶ 11(a) (D.I. 59).

4

c) Prior to the plea, counsel told Defendant that at least some of Defendant's conduct, while inappropriate, was not illegal.[27] Counsel therefore implied that Defendant would only be pleading to the child pornography charges, because his other misconduct was "no big deal."[28]

d) Counsel did not explain, at or before Defendant's October 26, 2022 final case review and plea, that Defendant would be subject to tier 3 sex offender registration or what such registration entailed.[29]

e) At the final case review, counsel told Defendant that retaining a private attorney "would offend the judge and make things worse" because the judge "would likely make an example of" Defendant and "give [him] the full 50 years."[30]

f) Counsel never explained the minimum and maximum fines that the Court could impose pursuant to Defendant's plea.[31]

9. The Third Circuit has found waiver on analogous facts. In *Livingstone v. North Belle Vernon Borough*, a civil rights suit under 42 U.S.C. § 1983, the plaintiff attempted to invalidate an agreement that released any potential civil claims in exchange for dismissal of the criminal case against her.[32] She asserted that the agreement was involuntary.[33] To evaluate the plaintiff's argument, the district court held a hearing at which her prior counsel testified.[34] On appeal, the Third Circuit held that the plaintiff had waived attorney-client privilege by raising her voluntariness claim.[35] "[T]he advice of counsel is an explicit, and important, element of the voluntariness analysis," the court wrote.[36] The plaintiff's "assertion that she did not appreciate the . . . agreement's legal implications is tantamount to a

---

[27] Def.'s Mot. To Withdraw Plea ¶¶ 15, 24(h).
[28] *Id.* at ¶ 17(h).
[29] *Id.* at ¶ 24(c), (d).
[30] *Id.* at ¶ 24(l).
[31] *Id.* at ¶ 24(u).
[32] 91 F.3d 515, 519 (3d Cir. 1996).
[33] *Id.* at 537.
[34] *Id.*
[35] *Id.*
[36] *Id.* (citing *Town of Newton v. Rumery*, 480 U.S. 386, 394 (1987) (O'Connor, J., concurring)).

claim that her attorney did not give her accurate legal advice. It would be unfair to allow her to make this claim without permitting the opposing parties to investigate her attorney's version of the relevant events."[37]

10. Though this case is distinguishable from *Livingstone* in some regards, these distinctions do not negate the applicability of the Third Circuit's logic. Defendant has effectively asserted, among other things, that defective communications with his attorney rendered his plea neither knowing nor voluntary.[38] It would be unfair to the State, as well as put up a barrier to a full understanding of the facts, to prohibit disclosure of Defendant's attorney's version of events.

11. For the foregoing reasons, the Court finds that Defendant has waived privilege as to communications related to each allegation of ineffective assistance of counsel or misconduct on the part of Mr. Capone, to the extent that said allegations are used to support Defendant's Motion To Withdraw Plea. These allegations include, but are not limited to, those listed in Paragraph 8, *supra*.[39] The Court will hold a control hearing with the parties on February 11, 2025, to discuss how best to proceed, i.e., through a supplemental affidavit from Mr. Capone, or an evidentiary hearing, or both.

---

[37] *Id.* (citing *United States v. Bilzerian*, 926 F.2d 1285. 1292 (2d Cir. 1991), *cert. denied,* 502 U.S. 813 (1991)).

[38] *See* Def.'s Reply To State's Response To Mot. To Withdraw Plea 5–6 (D.I. 58) (alleging that Defendant's plea was involuntary and citing, in part, advice of counsel for this involuntariness).

[39] As noted *supra* at paragraph 5, Mr. Capone has responded in his affidavit to certain allegations other than those listed in paragraph 8. It may be appropriate, given the Court's finding of waiver, for Mr. Capone to further respond to those other allegations as well.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
*Via Email and State Mail*
oc:     Prothonotary
cc:     Kristina G. Bensley, DAG
        Erik C. Towne, DAG
        Anthony J.W. Capone, Esquire
        Alicia A. Porter, Esquire
        Daniel S. Hall, Defendant *Pro Se* (JTVCC, 1181 Paddock Rd., Smyrna, DE 19977)